IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

SEDRICK SUTTON

Defendant.

Criminal No.: ELH-20-194

**MEMORANDUM**

On May 24, 2022, defendant Sedrick Sutton filed a motion with the Court seeking compassionate release. *See* ECF 61. Mr. Sutton attached a letter to his motion, indicating that his request was based on his medical conditions and family circumstances. *See* ECF 61-1 (collectively, the "Motion"). In his Motion, Mr. Sutton claims that he submitted a request to the Warden on April 7, 2022. ECF 61 at 3.

The Office of the Federal Public Defender ("FPD") declined to represent Mr. Sutton. ECF 63. And, the FPD stated that it had no documents regarding exhaustion of administrative remedies. *See id.*

The government responded to Mr. Sutton's request. ECF 66. It seeks dismissal, stating, in part: "The Defendant has not exhausted administrative remedies, and for that reason alone, the Court does not have authority to adjudicate this request." *Id.* at 2.

No hearing is necessary. *See* Local Rule 105.6.

As a result of the enactment of the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018), a federal inmate is now permitted to file a motion for compassionate release directly with the court after exhaustion of administrative remedies. *See United States v. McCoy*, 981 F.3d 271, 275-76 (4th Cir. 2020). Specifically, pursuant to the FSA, the Court may

reduce a defendant's term of imprisonment "upon motion of the Director of [BOP], *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. 18 U.S.C. § 3582(c)(1)(A) (Emphasis added).

Once a defendant has exhausted his administrative remedies, or after 30 days have passed from the date on which the warden has received the defendant's request, the defendant may petition a court directly for compassionate release. *United States v. Ferguson,* 55 F.4th 262, 268 (4th Cir. 2022); *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021); *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021); *McCoy*, 981 F.3d at 276. This constituted a sea change in the law.

Upon a review of the record, however, there is no information to show that Mr. Sutton ever petitioned the Warden for compassionate release, despite his assertion to the contrary. Indeed, the government contends that the Bureau of Prisons "does not have a request by the Defendant on file." ECF 66 at 6. Further, since the government's submission, Mr. Sutton has not filed a reply, or otherwise refuted the government's contention.

Therefore, I shall deny Mr. Sutton's request for compassionate release, because he has not shown that he has exhausted administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). However, the dismissal is without prejudice to the right of Mr. Sutton to file another motion for compassionate release after he has exhausted his administrative remedies. An Order follows.

Date: April 11, 2023                                /s/
                                                             Ellen L. Hollander
                                                             United States District Judge